## JIM TERRY v. THE STATE.

### No. 2438. Decided December 18, 1901.

**1.—Special Instructions—Practice.**

It is not error for the court to refuse to give a special requested instruction where the same is not an issue raised by the evidence.

**2.—Theft of Mule—Driving Stock from Accustomed Range.**

On a trial for receiving stolen property, where it appeared from the evidence that the thief took the mule and rode it to the home of defendant and placed it in his possession and custody, this was theft of the animal by the thief, and was not driving stock from its accustomed range in the contemplation of article 884, Penal Code.

**3.—Special Instruction—Signing by Judge.**

Where the court read defendant's special instructions to the jury, stating that he gave the same as law applicable to the case, but failed to sign the same, this would not constitute reversible error.

**4.—Newly Discovered Evidence—New Trial.**

A new trial will not be granted for newly discovered evidence which might have been secured by the use of ordinary diligence.

Appeal from the District Court of Hamilton. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of receiving stolen property; penalty, five years imprisonment in the penitentiary.

No statement necessary.

*Eidson & Eidson,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted under an indictment charging substantially that on or about June 16, 1901, "Jim Terry

* * * did then and there unlawfully and fraudulently receive from George Terry, and did unlawfully and fraudulently conceal, certain corporeal personal property, to wit, one mule, the same being then and there the property of and belonging to John Nelson; and which said property had theretofore been acquired by the said George Terry in such manner as that the acquisition of the same comes within the meaning of the term theft; and the said Jim Terry then and there well knowing the same to have been so acquired at the time he received and concealed the same as aforesaid," etc. The jury assessed his punishment at five years confinement in the penitentiary.

Complaint is made that the court erred in refusing the following special charge, requested by appellant, to wit: "If you believe from the evidence that George Terry did not take the animal alleged to be stolen by him from the possession of the alleged owner with the intent at the time of such taking to permanently deprive the owner of the value of the same and to appropriate it to his own use, but that he, the said George Terry, willfully took into his possession the alleged stolen animal, and drove, used, or removed it from its accustomed range, without the consent of the alleged owner, and with intent to defraud said owner, then you will acquit the defendant." We do not think the evidence raised the issue presented by the above quoted charge, and the court was correct in refusing the same.

By his third bill of exceptions appellant complains of the court's refusal of the following special charge, to wit: "If George Terry willfully took into his possession the alleged stolen animal, and drove, used, or removed it from its accustomed range, without the consent of the alleged owner, and with intent to defraud the alleged owner, he would be guilty of the theft of said animal; and if they so believed, and further believed that defendant received or concealed said animal knowing that it had been so acquired by the said George Terry, they should find him guilty, and assess his punishment at confinement in the penitentiary for not less than two nor more than five years, or by a fine of not exceeding one thousand dollars, or by both such imprisonment and fine, at their discretion." The court appends this explanation to the bill: "Counsel for defendant orally argued to the court that the acts set out in article 884, Penal Code, though called by the Legislature theft, do not in fact constitute theft, as defined in our statute, inasmuch as said article 884 contains acts not included in the general definition of theft; and orally asked the court not to submit said acts under said article as constituting theft, and further requested the court in writing to submit such acts as a defense to theft." Under the explanation of the court we do not think any reversible error shown, especially under the facts of this case, since the evidence does not raise the issue of driving stock from an accustomed range. We have heretofore held that under an ordinary charge of theft prosecution could not be maintained, as contended by appellant, under the terms and conditions of article 884; that is, a charge under indictment for ordinary

theft could not be maintained for driving stock from the accustomed range. Long v. State, 39 Texas Crim. Rep., 461; Carr v. State, 9 Texas Crim. App., 463; Sands v. State, 30 Texas Crim. App., 578. It appears from the evidence here that the thief took the animal in charge, and rode it to the home of defendant, placed it in defendant's possession and custody. This would not constitute driving stock from its accustomed range, as contemplated by article 884, but would be an ordinary theft of .said animal. If appellant's contention be correct, under every case where the animal in question was taken from the range defendant must be prosecuted under article 884, Penal Code. We do not think this position is the law. If one take an animal from its range, and carry it off and sell it, in one sense this would be taking it from one range to another, but not within contemplation of article 884. Said article contemplates a driving of stock from its accustomed range, and not the bare theft of an animal running at large near the home of its owner, taken in custody by a thief, carried to another or adjoining neighborhood and sold.

In his second bill of exceptions, appellant complains because the court failed to sign the special charge requested by him and given to the jury by the court. The court explains this bill by stating that at the time said charge was read to the jury the court stated to the jury that he gave the same as the law applicable to the case. This complies with the spirit of the law, and appellant's contention is without merit. The jury had the charge in their possession. It was given them by the court, and the fact that the court did not sign the same would not constitute reversible error.

Appellant also insists that new trial should be granted on account of newly discovered evidence of Mrs. E. V. Terry, by whom he expected to prove that the mule in controversy had a brand on it prior to the time appellant took it. This testimony could have been secured by the use of even ordinary diligence, the witness being appellant's mother. Because the State proved said fact upon the trial, and appellant was surprised thereby, affords no legal basis for a new trial.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]